UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES D. AUSTIN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

August 22, 2024

LETTER TO ALL COUNSEL OF RECORD

Re:  *Nastasia C. v. Martin O'Malley, Commissioner, Social Security Administration*
     Civil No. 23-1638-CDA

Dear Counsel:

On June 19, 2023, Plaintiff Nastasia C. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). I have considered the record in this case (ECF 11) and the parties' briefs (ECFs 14, 18 & 19). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REVERSE the Commissioner's decision and REMAND the case to the Commissioner for further consideration. This letter explains why.

I.  **PROCEDURAL BACKGROUND**

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") and a Title XVI application for Supplemental Security Income ("SSI") benefits on December 2, 2020, alleging a disability onset of October 12, 2019. Tr. 257-58. Plaintiff's claims were denied initially and on reconsideration. Tr. 111-12, 160-63. On August 26, 2022, an Administrative Law Judge ("ALJ") held a hearing. Tr. 50-66. Following the hearing, on October 17, 2022, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[1] during the relevant time frame. Tr. 27-49. The Appeals Council denied Plaintiff's request for review, Tr. 1-6, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); *see also* 20 C.F.R. § 422.210(a).

II.  **THE ALJ'S DECISION**

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination

---

[1] 42 U.S.C. §§ 301 et seq.

using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since October 12, 2019." Tr. 32. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "hypertension, degenerative disc disease of the lumbar spine, obesity, status post drug overdose, anoxic brain injury, bipolar disorder, depression, anxiety, and panic disorder[.]" Tr. 33. The ALJ also determined that Plaintiff suffered from the non-severe impairments of substance abuse disorder, asthma, and sleep apnea. Tr. 33. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 33. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can lift and carry up to twenty pounds occasionally and up to ten pounds frequently; she can stand and/or walk up to six hours in an eight-hour workday and she can sit for six hours in an eight-hour workday with normal breaks; she can push and pull as much as she can lift and carry; she should avoid concentrated exposure to dust, odors, fumes and pulmonary irritants; she should avoid concentrated exposure to extreme cold and extreme heat. The claimant is able to perform simple, routine and repetitive tasks for periods of at least 2 hours before needing a break to complete a normal work day/work week; she cannot perform high quota production pace work where workers must meet strict, hourly quotas; she is able to perform simple work-related decisions; she is able to occasionally interact with supervisors, coworkers and the general public; she is able to tolerate few changes in a routine work setting (defined as she can adapt to occasional changes in a routine work environment); she would need explicit, specific goals and expectations to be provided at the beginning of each work assignment. Finally, her time off-task can be accommodated by normal breaks.

Tr. 35-36. The ALJ determined that Plaintiff was unable to perform past relevant work as a Waitress (DOT[2] #311.477-030) but could perform other jobs that existed in significant numbers

---

[2] The "DOT" is the Dictionary of Occupational Titles. "The *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*,

in the national economy. Tr. 40-41. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 42.

### III. LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV. ANALYSIS

Plaintiff presses three arguments on appeal. First, Plaintiff argues that the ALJ's decision is unsupported by substantial evidence because the ALJ "found the medical opinion of Michael Kaiser, Ph.D., to be persuasive, but [the ALJ] failed to properly incorporate [Dr. Kaiser's] mental restrictions as part of the RFC." ECF 14, at 8. Plaintiff's second and third arguments contend that the ALJ's decision is unsupported by substantial evidence because the ALJ improperly evaluated "the medical opinions of Karen Johnson, [Family Nurse Practitioner] FNP, and Nelly Kangethe, [Doctor of Nursing Practice] DNP." ECF 14, at 8. Defendant counters that the "ALJ properly evaluated the persuasiveness of the medical opinions and explained the supportability and consistency of these opinions in his written decision." ECF 18, at 5.

An ALJ "must follow certain procedures when assessing the weight to which medical opinions are entitled." *Adrianna S. v. Comm'r of Soc. Sec.*, No. SAG-20-3136, 2022 WL 112034, at *1 (D. Md. Jan. 12, 2022) (citing 20 C.F.R. §§ 404.1520c, 416.920c). Specifically, the ALJ must "articulate . . . how persuasive [the ALJ] finds each medical opinion." *Id.* (citing 20 C.F.R. §§ 404.1520c(b), 416.920c(b)). "Supportability and consistency are the most important factors when considering the persuasiveness of medical opinions." *Id.* (citing 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2)). Thus, the ALJ must "explain how [they] considered [these] factors" when assessing a medical opinion. *Id.* "Supportability generally refers to 'the objective medical evidence and supporting explanations provided by a medical source.'" *Id.* (quoting 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1)). In assessing consistency, the ALJ considers the degree of cohesion between the medical opinion and "the evidence from other medical sources and nonmedical sources in the claim." *Id.* (quoting 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2)).

---

810 F.3d 204, 211 n.1 (4th Cir. 2015).

*Nastasia C. v. O'Malley*
Civil No. 23-1638-CDA
August 22, 2024
Page 4

The issue of the ALJ's supportability analysis is determinative in this case. "Strictly speaking, 'supportability' concerns an opinion's reference to diagnostic techniques, data collection procedures/analysis, and other objective medical evidence." *Reusel v. Comm'r of Soc. Sec.*, No. 20-1291, 2021 WL 1697919, at *7 n.6 (N.D. Ohio Apr. 29, 2021) (citations omitted); *see also Mary W. v. Comm'r of Soc. Sec.*, No. 20-5523, 2022 WL 202764, at *10 (S.D. Ohio Jan. 24, 2022) ("For the ALJ to have adequately discussed the supportability of . . . opinions, the ALJ needed to evaluate what the [physicians] said they based their opinions on—not simply how their opinions compared to the record evidence as a whole, which only goes to . . . consistency[.]"), *report and recommendation adopted sub nom., Wiseman v. Comm'r of Soc. Sec.*, No. 20-5523, 2022 WL 394627 (S.D. Ohio Feb. 9, 2022). The ALJ must assess the relevance of "the objective medical evidence and supporting explanations presented by a medical source" to the ultimate finding advanced by that medical expert. 20 C.F.R. § 404.1520c(c)(1).

The ALJ provided the following analysis of FNP Johnson's opinion:

> The undersigned finds the opinion of Karen Johnson, FNPC, as unpersuasive that the claimant is limited to sitting, standing and walking thirty minutes in an eight-hour workday with her only able to lift ten pounds with limited grip, manipulation and reaching, while also missing more than four day per month due to neck and back pain (Exhibit 50F). Nurse Johnson only recently noted any concerns with her neck in June 2022 with prior evaluations giving little indication of anything, but lower back pain that she indicated was affected by her obesity with her only recommending physical therapy for treatment (Exhibit 47F/23, 27). In fact, physical therapy noted the claimant with greater lifting abilities (12F/20, 34; 22F/3, 5, 11, 22; 52F/5). Similarly, other providers noted little difficulties with her ability to reach, grip, sit, stand and walk during this time (Exhibits 29F/4-8; 35F/5-9; 42F/9; 43F/4). Finally, there is very little evidence of degenerative disc disease in the claimant's cervical spine with recent imaging revealing that disc heights are relatively well preserved (Exhibit 51F/6, 9).

Tr. 38-39.

Here, the ALJ erred by failing to provide the supportability explanation that 20 C.F.R. 404.1520c requires—namely, an articulation of how the "objective medical evidence and supporting explanations presented by" FNP Johnson affected the persuasiveness of their opinion. 20 C.F.R. § 404.1520c(c)(1). Simply put, an adequate supportability analysis requires an explanation of "what [the doctor] said he based his opinion on." *Mary W.*, 2022 WL 202764, at *10. As Plaintiff persuasively argues, the ALJ failed to indicate how, if at all, FNP Johnson's opinion was supported. ECF 14, at 12-13. The ALJ's decision notes the recency of FNP Johnson's concerns and consistency (or lack thereof) with other evidence. But the decision does not explain the support for those "recent" concerns. The Court cannot ignore this omission and rely only on the consistency analysis; to do so "would conflate the nuances of those factors." *Duane H. v. Kijakazi*, JMC-20-3673, 2021 WL 8314949, at *3 (D. Md. Dec. 29, 2021). Because an ALJ's consideration of all medical opinions must include a supportability analysis, the ALJ's evaluation

of FNP Johnson's opinion amounts to error. *See id.*; *Adrianna S.*, 2022 WL 112034, at *1.

This error is not harmless. Had the ALJ appropriately considered the supportability of FNP Johnson's opinion, they may have come to a different determination of the weight that opinion should be given. This revised weight could have, in turn, altered Plaintiff's RFC, and potentially impacted the determination of whether Plaintiff is disabled. For example, during the hearing, the vocational expert testified that a hypothetical employee would be unable to sustain work if they had no more than one unanticipated absence per month. Tr. 65. FNP Johnson, however, opined that Plaintiff would need to be absent more than four days per month due to neck and back pain. Tr. 38. Therefore, the vocational expert's testimony considered in conjunction with FNP Johnson's opinion would preclude Plaintiff from all work at step five if this aspect of FNP Johnson's opinion is deemed persuasive. Therefore, remand is necessary so that the ALJ can provide an analysis of FNP Johnson's opinion that fully comports with 20 C.F.R. § 404.1520c. *See Carlos F. v. Kijakazi*, No. BAH-22-2049, 2023 WL 3293086, at *4 (D. Md. May 5, 2023) (noting that remand is required where an ALJ fails to assess the supportability of an opinion which, if "properly evaluated," may have altered the ALJ's disability determination).

On remand, the ALJ must explicitly assess the supportability of FNP Johnson's opinion pursuant to 20 C.F.R. § 416.920c(c)(1). Because the case is being remanded on other grounds, I need not address whether the ALJ erred in evaluating Dr. Kaiser's or DNP Kangethe's opinions. Nonetheless, the ALJ is encouraged to determine whether the evaluation of Dr. Kaiser or DNP Kangethe's opinions warrants any adjustment to the opinion per the statutory framework. In remanding for further explanation, the Court makes no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct.

## V. CONCLUSION

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge